IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**　　　　　　　CASE NO. 3:23 CR 300

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**CURTIS SANDERS, III,**

　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION AND
　　Defendant.　　　　　　　　　　　　　　ORDER

### INTRODUCTION

Currently pending before the Court is Defendant Curtis Sanders, III's Motion to Dismiss Enhanced Penalty. (Doc. 21). The Government opposes (Doc. 27), and Sanders replies (Doc. 33). For the reasons discussed below, the Court DENIES Sanders' motion.

### BACKGROUND

A grand jury indictment charges Sanders with drug conspiracy, possession with intent to distribute fentanyl, possession with intent to distribute cocaine, and being a felon in possession of a firearm. (Doc. 10). The indictment further alleges Sanders is subject to an enhanced penalty for a prior serious violent felony conviction based on his April 29, 2004, Ohio conviction for voluntary manslaughter, "for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.". *Id.* at 6 (citing 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)).

## DISCUSSION

Sanders argues his Ohio voluntary manslaughter conviction does not constitute a "serious violent felony" under 18 U.S.C. § 3559(c)(2). He argues that the conviction does not fall within the enumerated offenses clause because (1) Ohio's voluntary manslaughter statute is broader than the federal definition, and (2) Ohio's voluntary manslaughter statute does not qualify as a serious violent felony under the force clause. For the reasons discussed below, the Court finds it unnecessary to reach the parties' arguments regarding the enumerated offenses clause because it finds that even assuming *arguendo* the conviction does not qualify under that clause, it qualifies as a serious violent felony under the force or elements clause.

> Section 3559 of Title 19 defines a "serious violent felony", in relevant part, as:
>
> **(i)** a Federal or State offense, by whatever designation and wherever committed, . . . manslaughter other than involuntary manslaughter (as described in section 1112) . . . ; or attempt, conspiracy, or solicitation to commit any of the above offenses; and
>
> **(ii)** any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another . . .

18 U.S.C. § 3559(c)(2)(F)(i)-(ii). The first section is referred to as the "enumerated offenses" clause, and the second as the "elements" clause.[1] The federal manslaughter statute to which subsection (i) refers defines voluntary manslaughter as the "unlawful killing of a human being, without malice . . . upon a sudden quarrel or heat of passion." 18 U.S.C. § 1112(a).

---

1. Section 3559(c)(2)(F)(ii) also contains what is known as the residual clause, which provides that a serious violent felony includes an offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." Sanders argues this Court should find the clause unconstitutionally vague based on the Supreme Court's analysis in *United States v. Davis*, 139 S. Ct. 2319 (2019). But the Government is not asking the Court to apply the residual clause (*see* Doc. 27, at 10), and therefore the Court need not reach this issue.

The Ohio manslaughter statute under which Sanders was convicted provided: "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another or the unlawful termination of another's pregnancy." Ohio Rev. Code § 2903.03(A) (2004 version).

Elements Clause[2]

Sanders contends that under the elements or force clause, his manslaughter conviction does not qualify because such an offense does not include the required element. He argues that although the statute references "deadly force", "that refers to the severity of the provocation necessary for a finding of voluntary manslaughter – not the force required of the perpetrator." (Doc. 21, at 3-4). Sanders further contends (without citation or hypothetical example) that "[a] death can be caused without the use, attempted use, or threatened use of force", *id.* at 4, and in reply contends that voluntary manslaughter under Ohio's definition "can be accomplished by unlawfully terminating one's pregnancy without killing the pregnant person" (Doc. 33, at 4). The Government responds that it would not be possible to knowingly cause the death of another or the unlawful termination of another's pregnancy without exerting physical force. It further points out that Sanders "tellingly cites no case law for th[e] dubious proposition" that the statute can be

---

2. The Sixth Circuit interprets "serious violent felony" under 18 U.S.C. § 3559(c), "crime of violence" under the Sentencing Guidelines, and "violent felony" under the Armed Career Criminal Act the same way. *See United States v. Harrison*, 54 F.4th 884, 890 (6th Cir. 2022) (citing *United States v. Ruska*, 926 F.3d 309, 312 (6th Cir. 2019) (holding that "because both laws share essentially the same definition (if not the same titles), we can define a 'serious violent felony' under section 3559(c) the same way we define a 'violent felony' under the ACCA" (cleaned up)); *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017) (explaining that the ACCA's language is nearly identical to the Guidelines language, so they are interpreted the same way)).

violated without the use of force, "nor does he provide any free-standing hypothetical cases." (Doc. 27, at 8).

In deciding this issue, the Court applies the categorical approach. So the facts underlying Sanders's manslaughter conviction do not matter; instead, the Court asks whether the elements of Ohio's manslaughter statute in 2004 included the use of force. *See Descamps v. United States*, 570 U.S. 254, 261 (2013). The Court must presume Sanders was convicted for the "least of the acts" criminalized by the statute. *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013).

Under Ohio law, "[v]oluntary manslaughter is not a lesser-included offense of murder, but instead is an inferior degree of murder." *State v. Thompson*, 2023-Ohio-2942, ¶ 51 (Ohio Ct. App.) (citing *State v. Shane*, 63 Ohio St. 3d 630, 632 (Ohio 1992)) "The elements of voluntary manslaughter are contained within the offense of murder except for one or more additional mitigating elements." *Id.*

"Physical force" means "*violent* force—*i.e.*, force capable of causing physical pain or injury to another person," *Johnson v. United States*, 559 U.S. 133, 140 (2010). The Sixth Circuit has explained (interpreting Kentucky law) that "murder always requires the use of physical force." *United States v. Harrison*, 54 F.4th 884, 889 (6th Cir. 2022). "A victim dies only if some 'physical force' damages his body so severely that the body no longer functions. That physical force—the force exerted on the body to cause injury—is what courts look to when categorizing crimes of violence." *Id.* The *Harrison* court found this to be true "even when the murder is carried out by omission rather than commission" and that the use of force "can refer to both direct uses, like strangling the victim, and indirect uses, like pulling a trigger to shoot the victim." *Id.* It concluded that a conviction under Kentucky law for complicity to commit murder was a serious violent felony under § 3559. *Id.* at 890.

4

Applying a similar analysis, Ohio's voluntary manslaughter law, to the extent it can be violated by "knowingly caus[ing] the death of another", Ohio Rev. Code § 2903.03(A), necessarily involves force exerted on the individual. Indeed, if Ohio's statute stopped after "death of another", it would fairly track the federal statutory definition of manslaughter which the enumerated offenses clause references. *Compare* 18 U.S.C. § 1112(a) ("unlawful killing of a human being, without malice . . . upon a sudden quarrel or heat of passion") *with* Ohio Rev. Code § 2903.03(A) ( "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another . . . ." Ohio Rev. Code § 2903.03(A) (2004 version). And the Sentencing Guidelines similarly continue to refer to manslaughter as an "offense of violence." U.S.S.G. § 4B1.2.[3]

Although Defendant is correct that Ohio's voluntary manslaughter statute can be violated by "unlawfully terminating one's pregnancy without killing the pregnant person" (Doc. 33, at 4), the Court agrees with the Government that such an action (which, per the statute, must be undertaken "knowingly") necessarily carries with it a use of force against the woman carrying

---

3. The Government also points out that the Sixth Circuit has held voluntary manslaughter statutes from Tennessee and Georgia qualified as violent felonies under the ACCA. *See Walls v. United States*, 2017 U.S. App. LEXIS 27763, at *3 (6th Cir.) (Tennessee voluntary manslaughter statute that defined the crime as "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner" qualified as violent felony); *United States v. Jackson*, 655 F. App'x 290, 292 (6th Cir. 2016) (Georgia voluntary manslaughter statute that provided "[a] person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person"). Both of these cases relied heavily on *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012). *Anderson*, which had held that Ohio's felonious assault and aggravated assault statutes were violate felony predicates under the ACCA's elements clause, was overruled by *Burris* because those statutes could be violated without the use of physical force as a related statutory definition allowed prosecution for mental harms. *See Burris*, 912 F.3d at 397-402. Neither *Walls* nor *Jackson* relies on this overruled portion of *Anderson*.

the pregnancy. To knowingly terminate a pregnancy unlawfully would similarly require some degree of direct or indirect force upon the pregnant woman to a degree which causes damage. *Cf. Harrison*, 54 F.4th at 889; *Banuelos-Jimenez v. Garland*, 67 F.4th 806, 809 (6th Cir. 2023) (citing *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017) for the proposition that "[C]rimes requiring proof of serious physical injury necessarily require proof of violent physical force", while noting *Verwiebe* was overruled on other grounds by *Borden v. United States*, 141 S. Ct. 1817 (2021)).

Further, Sanders does not cite any Ohio cases applying Ohio Revised Code § 2903.03(A) to conduct that does not involve "the use, attempted use, or threatened use of physical force against the person of another" as required by § 3559(c)(2)(F)(ii). *See United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019) ("Tellingly, Burris does not cite (nor can we find) a single instance of Ohio courts' applying [the statute at issue] to conduct that does not qualify under the Guidelines elements clause."). As Sanders has not done so, this Court does not attempt to conjure such hypothetical situations on his behalf. Indeed, "[t]he Supreme Court has cautioned [courts] . . . not to 'apply legal imagination to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside' the conduct described in the elements clauses." *United States v. Burris*, 912 F.3d 386, 398 (6th Cir. 2019) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion to Dismiss Enhanced Penalty (Doc. 21) be, and the same hereby is, DENIED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

6